■ MATTHEW ISRAELSON, an Infant, by His Guardian ad Litem, NATHAN ISRAELSON, et al., Respondents, v. NEW YORK CITY TRANSIT AUTHORITY, Appellant.— In an action by the infant plaintiff to recover damages for personal injuries sustained by him due to the alleged negligence of the defendant, and by his father to recover damages for loss of the infant's services and for medical expenses incurred, the defendant appeals from a judgment of the Supreme Court, Kings County, entered October 30, 1959, after a jury trial, upon a verdict of $125,000 for the infant and a verdict of $25,000 for the father. Judgment insofar as it is in favor of the infant plaintiff, Matthew Israelson, affirmed, without costs. Judgment insofar as it is in favor of the father, Nathan Israelson, reversed on the facts and, as to said plaintiff the action is severed and a new trial is granted, with costs to abide the event, unless, within 10 days after the entry of the order hereon, he shall stipulate to reduce the verdict in his favor to $10,000, in which event the judgment with respect to him, as so reduced, is affirmed, without costs. The accident happened immediately after the infant plaintiff, a passenger, had departed from one of the defendant's railway cars at the Tompkins Avenue station in Brooklyn. Upon the train conductor's closing of the gate of the car from which the infant plaintiff had just made his exit, a schoolmate passenger grabbed onto and held said plaintiff's hand. The train started to leave the station and to proceed on to its next scheduled stop, and said plaintiff was dragged onto the catwalk at the end of the Tompkins Avenue station platform. These events occurred in the presence of the train conductor or guard. Under the circumstances, we believe it was within the province of the jury to find that the guard's signal to start the train or, if it had started, his failure to stop it by pulling the emergency cord, constituted negligence. It is also our opinion, that while the amount of the verdict for the infant plaintiff is supported by the record, the amount of the verdict for the father is not; it is grossly excessive. Nolan, P. J., Christ, Pette and

Brennan, JJ., concur; Beldock, J., dissents and votes for the unconditional reversal of the judgment as to both plaintiffs and to grant a new trial, on the ground that the verdicts are contrary to the weight of the credible evidence.